IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **SHAWN L. HINTERSTEINER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:11-00240** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### M E M O R A N D U M   O P I N I O N

    This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 40 - 433, 1381-1383f. This case is presently pending before the Court on the Plaintiff's Motion for Remand (Document No. 14.) and Defendant's Motion for Judgment on the Pleadings. (Document No. 15.). Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 3 and 4.)

    The Plaintiff, Shawn L. Hintersteiner (hereinafter referred to as "Claimant"), filed applications for DIB and SSI on September 11, 2008 (protective filing date), alleging disability as of May 4, 2008, due to "deteriorating disk syndrome in back" and depression. (Tr. at 11, 116-19, 120-23, 131, 157.) The claim was denied initially and upon reconsideration. (Tr. at 57-59, 66-68, 69-71.) On May 6, 2009, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 72-73.) The hearing was held on January 19, 2010, before the Honorable Brian P. Kilbane. (Tr. at 26-52.) By decision dated April 7, 2010, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 11-21.) The ALJ's decision became the final decision of the Commissioner on

February 11, 2011, when the Appeals Council denied Claimant's request for review. (Tr. at 1-5.) On April 11, 2011, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2010). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.

20 C.F.R. §§ 404.1520(f), 416.920(f) (2010). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since May 4, 2008, the alleged onset date. (Tr. at 13, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from "degenerative disc disease (DDD) and degenerative joint disease (DJD) of the lumbar spine, alcohol abuse, and borderline intellectual functioning," which were severe impairments. (Tr. at 13, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 13, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity to perform light exertional work, with the following limitations:

> [H]e cannot climb ladders, ropes, or scaffolds; the [C]laimant can occasionally climb ramps and stairs; he can occasionally balance, stoop, kneel, crouch, but can never crawl; Mr. Hintersteiner should avoid concentrated exposure to extreme heat. Due to borderline intellectual functioning the [C]laimant is limited to unskilled, non-complex work.

(Tr. at 14-15, Finding No. 5.) At step four, the ALJ found that Claimant was unable to return to his past relevant work. (Tr. at 19, Finding No. 6.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ also concluded that Claimant could perform jobs such as a housekeeper, sales attendant, and cashier, at the light level of exertion. (Tr. at 20, Finding No. 10.) On this basis, benefits were denied. (Tr. at 20, Finding No. 11.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying

the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on April 10, 1970, and was 40 years old at the time of the administrative hearing, April 7, 2010. (Tr. at 19, 29, 116, 120.) Claimant had a high school education and was able to communicate in English. (Tr. at 19, 29, 156, 162.) In the past, Claimant work as an equipment operator and forklift operator. (Tr. at 19, 48, 139-47, 158-59.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence, and will discuss it below in relation to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant alleges that the Commissioner's decision is not supported by substantial evidence

because the ALJ erred at step five of the sequential analysis in relying on the testimony of the VE, whose testimony was inconsistent with the Dictionary of Occupational Titles ("DOT"). (Document No. 14 at 3-5.) First, Claimant asserts that the housekeeper job is inconsistent with his strength and educational requirements, as well as with his use of a cane and avoidance of fumes from cleaning supplies. (Id. at 3-4.) In response, the Commissioner asserts that the VE testified that the housekeeper job is light work and under DOT occupational number 321.137.010, is classified as light work. (Document No. 15 at 8.) The Commissioner asserts that Claimant does not explain how his "educational deficit" prevents him from performing the job. (Id.) Regarding the cane, the Commissioner asserts that the medical record did not establish that its use was medically necessary. (Id.) Regarding the fumes, the Commissioner asserts that the VE testified that the DOT did not indicate that the fumes were at a level to cause a problem. (Id. at 9.) Thus, the VE's testimony regarding the housekeeping job is not inconsistent with the DOT. (Id.)

Second, Claimant asserts that the cashier and sales attendant jobs exceed his general average learning ability. (Document No. 14 at 4-5.) Claimant asserts that the DOT requires the knowledge of algebra and geometry for the cashier job, which is a "barrier to someone with borderline intellectual functioning." (Id. at 4.) He states that because he is at the borderline range of intellectual functioning, his IQ scores range from 70 to 80, which places him below the general learning ability. (Id. at 4-5.) In response, the Commissioner asserts that any correlation between general learning ability in the DOT and an IQ score is pure speculation. (Document No. 15.) Citing cases from other jurisdictions, the Commissioner asserts that Claimant has cited no authority for such a correlation. (Id.)

Analysis.

To be relevant or helpful, a vocational expert's opinion must be based upon consideration

of all evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). "[I]t is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular claimant's impairments and abilities – presumably, he must study the evidence of record to reach the necessary level of familiarity." Id. at 51. Nevertheless, while questions posed to the vocational expert must fairly set out all of a claimant's impairments, the questions need only reflect those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Additionally, the hypothetical question may omit non-severe impairments, but must include those which the ALJ finds to be severe. See Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

SSR 00-4p, which became effective December 4, 2000, and was in effect at the time of the administrative hearing in 2010, states that before an ALJ can rely on Vocational Expert testimony, he or she must identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by the vocational expert and information contained in the DOT and explain in the determination or decision how any conflict that has been identified was resolved. Social Security Ruling 00-4p, 2000 WL 1898704 (December 4, 2000).

The ALJ posed a hypothetical question to the VE to which the VE responded and provided that her responses were representative and consistent with the DOT. (Tr. at 49-50.) In the absence of any apparent conflicts, the ALJ therefore, was entitled to rely on the VE's responses. The VE testified that Claimant was able to perform work as a housekeeper, sales attendant, and cashier, all at the unskilled and light level of exertion. (Tr. at 49-50.) Claimant alleges that the VE's testimony is inconsistent with the DOT as to the housekeeping job in four aspects: (1) strength requirement, (2) educational requirement, (3) use of a cane, and (4) exposure to fumes. Regarding the strength

requirement, it is clear that DOT occupational number 321.137-010, as cited by the Commissioner, is categorized as light work in strength. Regarding the educational requirement, though Claimant does not explain his argument in this facet, he concedes that this DOT occupational number is one that meets his educational requirements "being liberal to the defendant." (Document No. 14 at 4.) Regarding, the use of the cane, the medical record does not establish any medical necessity for such use and therefore, the ALJ was not required to include such limitation in his hypothetical to the VE. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d. Cir. 1987) (Questions posed to the VE need only reflect impairments that are supported by the record). Furthermore, the ALJ did not limit Claimant to using a cane in his RFC assessment. (Tr. at 14-15.) Finally, regarding the fumes, the VE testified that the "fumes or, you know, the chemicals involved are at a level to cause a problem." (Tr. at 50.) DOT occupational number 321.1370-010 provides that "Toxic Caustic Chem.: Not Present - Activity or condition does not exist." There does not appear to be an issue with fumes in the DOT. Accordingly, the Court does not find any inconsistency between the VE and the DOT as to the housekeeping job.

     Claimant also asserts that there is an inconsistency between the VE and the DOT as to his general learning ability for the cashier and sales attendant jobs. In so asserting, Claimant attempts to assert a correlation between general learning ability in the DOT and an IQ score. The Commissioner cites to authority from other jurisdictions that have rejected Claimant's argument. See Wilson v. Astrue, 2011 WL 5999867, at *7 (N.D. Okla. Nov. 30, 2011); Vasquez v. Astrue, 2009 WL 3672519, at *3 (C.D. Cal. Oct. 30, 2009); Gibson v. Astrue, 2008 WL 5101822, at *2 (C.D. Cal. Nov. 30, 2008). In Gibson, the court explained the generalized learning ability scale measures the ability to learn as a percentile of the working population and that the claimant had offered no support that the scale correlated to an IQ score. The undersigned finds persuasive this

argument, and likewise finds that Claimant has offered no authority that the general learning ability in the DOT correlates to an IQ score. Accordingly, Claimant has failed to establish that the VE's testimony regarding the sales attendant and cashier jobs is inconsistent with his low IQ scores.

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the Plaintiff's Motion for Remand (Document No. 14.) is **DENIED**, Defendant's Motion for Judgment on the Pleadings (Document No. 15.) is **GRANTED**, the final decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED** from the docket of this Court.

. The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: March 29, 2013.

R. Clarke VanDervort
United States Magistrate Judge